IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

JAMES A. TRUNNELL,            )
                                             )
          Plaintiff,            )   TC-MD 160281R
                                             )
          v.                  )
                                           )
LANE COUNTY ASSESSOR       )
and DEPARTMENT OF REVENUE,   )
State of Oregon,              )
                                           )
          Defendants.     )   **FINAL DECISION OF DISMISSAL[1]**

Plaintiff appealed an "overpayment" of property taxes for the 2000-01 through 2014-15 tax years for property identified as Account 0425189 (subject property). On August 23, 2016, Defendant Department of Revenue, filed a Motion to Dismiss, alleging it was not a proper party to the case. On September 19, 2016, Defendant Lane County Assessor filed an Answer to the Complaint alleging the Tax Court did not have jurisdiction to hear this appeal. Plaintiff failed to appear at the initial case management conference held on October 6, 2016. On October 7, 2016, this court issued an Order giving Plaintiff until October 21, 2016, to respond to Defendants' Motions and scheduled oral argument to be held concurrent with the rescheduled Case Management Conference. On October 19, 2016, Plaintiff filed a letter explaining his failure to appear at the case management conference. Plaintiff did not respond to Defendants' Motions. On November 7, 2016, a Case Management Conference was held. Plaintiff appeared on his own behalf. Faith Brisbee appeared on behalf of Defendant Lane County Assessor. Gregg Thummel appeared on behalf of Defendant Department of Revenue. As of the date of this Decision of

_____

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered November 15, 2016. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

Dismissal, Plaintiff has not filed a written response to Defendants' Motions. This matter is now ready for the court's determination.

Plaintiff appealed taxes on the subject property for the 2000-01 through 2014-15 tax years. In general, a taxpayer wishing to challenge the values assigned to its property may file a petition with the county board of property tax appeals (BOPTA) before December 31 of the year in which the tax statement is issued. *See* ORS 309.100.[2] A taxpayer who is dissatisfied with the BOPTA order may then appeal to this court under ORS 305.275 within 30 days of the date of the order. *See* ORS 305.275(3); ORS 305.280(4). If the taxpayer fails to pursue that statutorily prescribed appeal process, this court's authority to grant relief becomes limited to few narrow exceptions.

Relevant here, the court may

"order a change or correction * * * for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable, the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."

ORS 305.288(3). In this case, the current tax year is 2015-16; thus, the two prior years are 2014-15 and 2013-14. *See* ORS 305.288(5)(a); ORS 306.115(5). The court is not aware of any authority that would allow it to order a correction to the assessment or tax rolls for any tax year prior to 2013-14, and the parties have not identified any such authority. Accordingly, the court finds it does not have jurisdiction over Plaintiff's property appeals for the 2000-01 through 2012-13 tax years. Consequently, those years must be dismissed.

With respect to the 2013-14 and 2014-15 tax years, the court may order a correction to the rolls upon a finding that "good and sufficient cause exists for the taxpayer's failure to pursue

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

the statutory right of appeal." ORS 305.288(3). Plaintiff did not address this issue in his response to the court's October 7, 2016, Order. At the Case Management Conference Plaintiff stated he did not file appeals for the earlier years because he was hopeful that his property had the values as stated in the County's tax statements. While Plaintiffs optimism about his property value is understandable, his misunderstanding about the property value each year does not rise to the level of "good and sufficient cause" for failing to file a timely appeal. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's Complaint is dismissed because the relief requested is beyond the jurisdiction of the court.

IT IS FURTHER DECIDED that the Motion to Dismiss, filed by Defendant Department of Revenue, is denied as moot.

Dated this ＿＿ day of December 2016.

RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on December 5, 2016.*